IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 3:19-cr-00188-K-2 |
| | § | |
| HECTOR MADRIGAL MENDOZA, | § | |
| ID #58601-177, | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hector Madrigal Mendoza's pro se *Motion for Sentence Reduction Under 18 U.S.C. §3582(c)(1)(A)* ("Motion"), received on September 3, 2025 (Dkt. No. 459). After considering the Motion, the record, and the applicable authorities, the Court **DENIES** the Motion.

I. Background

Defendant pled guilty under a plea agreement to one count of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *See* Dkt. Nos. 280, 291. The Court sentenced him to 200 months' imprisonment and three years of supervised release on the count to which he pled guilty. *See* Dkt. Nos. 394, 433. The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") dismissed his appeal. *See* Dkt. No. 454.

Defendant now seeks a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on extraordinary and compelling reasons. *See* Dkt. No. 459. He indicates that a sentence reduction is warranted based on his health and because he is the only

available caregiver for his son. *See id.* at 4-6. He also attaches a proposed release plan and medical records to the Motion. *See id.* at 9-158.

## II. Analysis

A prisoner seeking compassionate release under § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A) (internal quotation marks omitted). On November 1, 2023, the United States Sentencing Commission issued an amended policy statement setting forth non-exclusive circumstances that constitute "extraordinary and compelling reasons." U.S.S.G. § 1B1.13. After a complete review of the Motion, the applicable sentencing factors provided in § 3553(a), and the policy statements issued by the Sentencing Commission, the Court concludes that Defendant's request for a sentence reduction under § 3582(c)(1)(A) must be denied.

At the outset, Defendant admits that he has not exhausted his administrative remedies prior to filing the Motion and the Court notes that Defendant's bases for relief are conclusory or unsupported by the record. For example, regarding his statement that his "wife died of breast cancer and there is no one to take care of my 18 y/o son," his son is not a minor and Defendant provides no evidence to show that his son is in any way incapacitated or that Defendant would be his son's only available

2

caregiver. Dkt. No. 459 at 6. The Court also notes that in the presentence investigation report ("PSR") submitted in this case in 2021, Defendant identified only one son who would now be approximately 18 years old, and he reported that his son's mother passed away from breast cancer in 2008 and his son's maternal grandparents lived with him in Mexico. Dkt. No. 312-1 at ¶ 85. To the extent Defendant seeks compassionate release based on his health and includes various health records, he offers no explanation of how any of the information in his records warrants a sentence reduction under the applicable policy statement. Defendant accordingly fails to establish extraordinary and compelling reasons for a sentence reduction.

Even if he had exhausted his administrative remedies and could show extraordinary and compelling reasons for a sentence reduction, based on the record as a whole and after weighing the § 3553(a) sentencing factors, the Court finds in its discretion that they do not support Defendant's request for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The nature and circumstances of Defendant's offenses and his history and characteristics do not justify a reduced sentence.

The PSR shows that Defendant was a leader of a drug trafficking organization and organized and instructed co-conspirators on when, where, and to whom to deliver narcotics and drug proceeds. *See* Dkt. No. 312-1 at ¶¶ 20, 62. He was held accountable

for a total of 195,630 kilograms of converted drug weight, comprised of drug proceeds and quantities of heroin and methamphetamine. *See id.* at ¶¶ 49-50, 58. His offense also involved the importation of heroin and methamphetamine from Mexico and the maintenance of a premises for the purpose of storing and distributing narcotics. *See id.* at ¶¶ 59-60. Based on his offense level and criminal history category, Defendant's guideline sentencing range was life imprisonment, but because the statutory maximum for the offense to which he pled guilty was 240 months' imprisonment, that became the guideline sentencing range. *See id.* at ¶ 104. The Court sentenced him below that guideline range to 200 months' imprisonment. Because he pled guilty to one count under a plea agreement, his maximum statutory exposure was 20 years' imprisonment; had he been convicted of all the counts with which he was charged, he would have been subject to a statutory minimum sentence and faced a maximum statutory sentence exposure of life imprisonment. *See id.* at ¶ 105.

Reducing Defendant's sentence will not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. The Court therefore finds that the § 3553(a) factors do not support a sentence reduction at this time.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant's Motion. The Court also **DENIES AS MOOT** Defendant's motions for an order directing the Government

to obtain his prison rehabilitation and medical records, respectively (Dkt. Nos. 445, 447).

**SO ORDERED.**

**Signed September 17th, 2025.**

_____
**ED KINKEADE**
**UNITED STATES DISTRICT JUDGE**